UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LLOYD HARDIN McNEIL,<br><br>        Petitioner,<br><br>v.<br><br>JOSH TEWALT, Director, Idaho Department of Correction,<br><br>        Respondent. | Case No. 1:19-cv-00406-REB<br><br>**INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT** |

Petitioner Lloyd Hardin McNeil has filed a Petition for Writ of Habeas Corpus challenging his Idaho state court convictions. (Dkt. 1.) The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

1. **Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

2.  **Review of Petition**

Following a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of voluntary manslaughter, first-degree arson, and grand theft. The judgment of conviction was entered on April 16, 2012. Petitioner received a unified sentence of 54 years in prison with 25 years fixed. Petitioner pursued a direct appeal, as well as state post-conviction relief. Dkt. 13 at 1–5. Petitioner's post-conviction proceedings remain pending before the Idaho Supreme Court. *Id.* at 5.

It appears from the face of the Petition that at least some of Petitioner's claims are unexhausted and, therefore, potentially subject to dismissal. A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims in at least a petition seeking review before that court. *Id.* at 847.

In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Court determined that federal district courts have discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court for review of his perfected petition. In determining whether to exercise discretion to grant a stay, a district court should consider

INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT - 2

whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. Although the *Rhines* case involved a mixed petition (one that includes both exhausted and unexhausted claims), the Ninth Circuit has extended *Rhines* and determined that "a district court may stay a petition that raises *only* unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

Petitioner's post-conviction petition remains pending in the Idaho Supreme Court, and he has not requested a *Rhines* stay. Therefore, this case is subject to dismissal without prejudice. If Petitioner intends to file a motion to stay, Petitioner must do so within 28 days after entry of this Order.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has requested in forma pauperis status. Good cause appearing, Petitioner's Application shall be granted, which allows Petitioner to pay the filing fee when and as Petitioner can afford to do so, rather than at the time of filing. Petitioner is ordered to pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when he next receives funds in his prison trust account.

2. Within 28 days after entry of this Order, Petitioner may file a motion to stay this case pending completion of Petitioner's state court proceedings. If Petitioner does not do so, this case may be dismissed without prejudice without further notice.

3. Because Petitioner has not yet been allowed to proceed with the claims in the Petition, Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

4. Because not all named parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, this case is REASSIGNED to a United States District Judge.

DATED: November 19, 2019

Ronald E. Bush
Chief U.S. Magistrate Judge