UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LLOYD HARDIN McNEIL,<br><br>                Petitioner,<br><br>v.<br><br>JOSH TEWALT, Director, Idaho Department of Correction,<br><br>              Respondent. | Case No. 1:19-cv-00406-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Lloyd Hardin McNeil ("Petitioner"), challenging Petitioner's state court convictions. Dkt. 3. Respondent has filed a Motion for Partial Summary Dismissal, arguing that some of Petitioner's claims are procedurally defaulted without excuse. Dkt. 39. The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 23, 38, 48; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the

Court enters the following Order granting Respondent's Motion and dismissing with prejudice Claims B(1) through B(8), B(12), D, and E.

## BACKGROUND

The facts underlying Petitioner's convictions are set forth clearly and accurately in *State v. McNeil*, 313 P.3d 48, 51 (Idaho Ct. App. 2013). The facts will not be repeated here except as necessary to explain the Court's decision.

After a jury trial in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of voluntary manslaughter (a lesser-included offense of second-degree murder, of which Petitioner was acquitted), first-degree arson, and grand theft. *Id*. He was sentenced to consecutive prison terms of 15 years fixed for manslaughter, 25 years with 10 years fixed for arson, and 14 years for grand theft, for a total of 54 years with 25 years fixed. *Id*. The trial court denied Petitioner's motion for reduction of sentence under Idaho Criminal Rule 35.

Petitioner appealed, arguing that insufficient evidence supported the manslaughter conviction, that the prosecutor committed misconduct during closing argument, and that the trial court abused its discretion, under Idaho law, when it imposed sentence and denied Petitioner's Rule 35 motion. *State's Lodging B-1*. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *State's Lodging B-5; B-6; B-7*.

MEMORANDUM DECISION AND ORDER - 2

Before the conclusion of Petitioner's appeal from his convictions and sentence, he filed another direct appeal, this time from the trial court's order of restitution. Petitioner argued that the trial court erred in overruling objections to part of the restitution order. *State's Lodging D-1*. The Idaho Court of Appeals agreed, vacated the restitution order, and remanded so the trial court could amend the order. *State's Lodging D-4*. The Idaho Supreme Court initially granted the state's petition for review, but later dismissed the petition as improvidently granted. *State's Lodging D-9*.

Petitioner filed a petition for state post-conviction relief and was appointed counsel. The operative second amended petition asserted, in relevant part, 15 claims of ineffective assistance of counsel—along with one claim of cumulative prejudice from these alleged errors. *State's Lodging E-1* at 169–87. The state district court summarily dismissed the petition. *Id*. at 378–383.

Petitioner appealed, challenging the dismissal of three claims of ineffective assistance of counsel. *State's Lodging F-3*. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *State's Lodging F-6; F-9*.

While Petitioner's post-conviction appeal was still pending, Petitioner filed several motions in the state district court. *State's Lodging G-1*. Among them was a motion for relief from judgment under Rule 60(b)(6) of the Idaho Rules of Civil Procedure. *Id*. at 9–15. The motion alleged that Petitioner's post-conviction

counsel "disregarded" twelve claims of ineffective assistance of trial counsel. *Id*. at

14–15. The trial court denied the motion, concluding (1) that the motion was

untimely, and (2) that it failed on the merits in any event. *Id*. at 38–40.

Petitioner appealed the denial of his Rule 60(b) motion. The Idaho Court of

Appeals affirmed on the same alternate bases as the trial court: that the motion was

both untimely and subject to dismissal on the merits. *State's Lodging H-4*. The

Idaho Supreme Court denied review. *State's Lodging H-7*.

In this federal habeas corpus petition, Petitioner asserts the following claims:

Claim A:    Insufficient evidence to support (1) the manslaughter
conviction, (2) the arson conviction, and (3) the grand
theft conviction.

Claim B:    Ineffective assistance of counsel based on the following
twelve grounds:

(1)    Counsel stipulated to the admission of an exhibit
that had previously been excluded;

(2)    Counsel failed to call a fire investigation expert;

(3)    Counsel failed to object to Exhibit 295 on the
grounds that it violated Petitioner's right to be free
from compelled self-incrimination;

(4)    Counsel failed to investigate the origin of State's
Exhibit 3;

(5)    Counsel failed to object to State's Exhibit 110;

(6)    Counsel failed "to investigate inconsistencies as
regards the timing of alleged events";

(7)    Counsel failed to call Joseph R. Riso as a witness;

(8)     Counsel failed "to secure DNA testing of cigarette butts";

(9)     Counsel failed to request a mistrial after a juror had seen Petitioner when he was in the back seat of a sheriff's vehicle;

(10)    Counsel failed to request a mistrial "after improper juror communication with [a] third party";

(11)    Counsel failed to investigate a defense to the charge of grand theft; and

(12)    Counsel failed "to engage [in] plea negotiations."

Claim C:    Prosecutorial misconduct based on (1) commenting on Petitioner's silence, (2) appealing to the passions and prejudices of the jury, (3) stating falsely that the defense had conceded guilt on the theft charge, and (4) insulting and denigrating defense counsel.

Claim D:    Cumulative error.

Claim E:    Judicial bias.

*See Suppl. Pet.*, Dkt. 14, at 11–39; *see also Succ. Rev. Order*, Dkt. 17, at 1–2.

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." *Succ. Rev. Order* at 2.

Respondent now argues that the following claims are procedurally defaulted without excuse: Claims B(1) through B(8), Claim B(12), Claim D, and Claim E.

MEMORANDUM DECISION AND ORDER - 5

For the reasons that follow, the Court agrees and will dismiss those claims with prejudice.[1]

## DISCUSSION

### 1.      Standard of Law Governing Summary Dismissal

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

### 2.      Claims B(1) through B(8), B(12), D, and E Are Procedurally Defaulted Without Excuse

### A.      *Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one

---

[1] It appears as though Claims A(2) and A(3) may also be procedurally defaulted. *Compare Suppl. to Pet.*, Dkt. 14, at ECF pp.11–16 (petition arguing insufficient evidence for manslaughter, arson, and theft), *with State's Lodging B-1* at 5–13 (state appellate brief arguing insufficient evidence for manslaughter only). However, because Respondent did not argue procedural default as to Claims A(2) or A(3), the Court will not consider the issue at this time, but may revisit it at a later date.

complete round of the state's established appellate review process, fairly

presenting all constitutional claims to the state courts so that they have a full and

fair opportunity to correct alleged constitutional errors at each level of appellate

review. *Id.* at 845. In a state that has the possibility of discretionary review in the

highest appellate court, like Idaho, the petitioner must have presented all of his

federal claims at least in a petition seeking review before that court. *Id.* at 847.

"Fair presentation" requires a petitioner to describe both the operative facts and the

legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S.

152, 162–63 (1996).

 The mere similarity between a federal claim and a state law claim, without

more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*,

513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to

"broad constitutional principles, such as due process, equal protection, [or] the

right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098,

1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal

claim before the state court by "explicitly" citing the federal legal basis for his

claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247

F.3d 904 (9th Cir. 2001).

 When a habeas petitioner has not fairly presented a constitutional claim to

the highest state court, and the state court would now refuse to consider it because

of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include the following: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**B.    Claims B(1) through B(8), Claim B(12), Claim D, and Claim E Are Procedurally Defaulted**

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings and compare them to the subject matter of the claims in this action.

Petitioner had four state court appeals relevant to this case. In the first appeal, Petitioner asserted claims under Idaho state law and federal law. His federal claims were that (1) insufficient evidence supported the manslaughter conviction and (2) the prosecutor committed misconduct by commenting on Petitioner's silence, making inflammatory comments, stating that the defense had conceded guilt as to grand theft, and denigrating defense counsel. *State's Lodging B-1*. These claims correspond to Claim A(1) and Claim C. No other federal claims were presented to the Idaho Supreme Court in this first appeal.

MEMORANDUM DECISION AND ORDER - 8

In his second appeal, Petitioner argued that a portion of the restitution order was incorrect in violation of Idaho state law. *State's Lodging D-1*. Petitioner did not raise any federal claims in this appeal.

On appeal from the dismissal of Petitioner's post-conviction petition, he asserted three claims of ineffective assistance of counsel. Petitioner argued that counsel unreasonably failed (1) to investigate a defense to the grand theft charge; (2) to inquire of a juror who saw Petitioner in police custody during trial; and (3) to move for a mistrial based on juror communication with the victim's uncle during trial. *State's Lodging F-3*. These claims correspond to Claims B(9), B(10), and B(11). Petitioner did not raise any other ineffective assistance claims (the other Claim B sub-claims), nor did he raise a claim of cumulative error (Claim D) or judicial bias (Claim E).

In the final state court appeal, Petitioner asserted that the trial court abused its discretion by denying his Rule 60(b) motion as timely and on the merits. Petitioner's merits-based argument relied on the alleged ineffective assistance of post-conviction counsel, which is not an independent basis for federal habeas relief and which did not serve to fairly present any of Petitioner's federal claims. *See Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").

MEMORANDUM DECISION AND ORDER - 9

Petitioner asserts that he presented his judicial bias claim to the Idaho Supreme Court when he filed a document entitled, "Petition for a Peremptory Writ of "Mandamus Directing the District Court to Rule on Multiple Motions." *Resp. in Opp. to Mot. Summ. Dismissal*, Dkt. 44, at 9. Petitioner filed this mandamus petition on December 9, 2019, while his Rule 60(b) motion was pending. The state district court issued its decision denying that motion on January 14, 2020, and the Idaho Supreme Court denied the mandamus petition two weeks later *State's Lodging G-1* at 6, 41.

But a petition seeking a writ of mandamus cannot be used to raise a claim that was not included in the post-conviction petition in the first place. Rather, a mandamus petition simply seeks an order compelling a public official to act. *See Kolp v. Bd. of Trustees of Butte Cnty. Joint Sch. Dist. No. 111*, 629 P.2d 1153, 1156 (1981) (stating that mandamus is appropriate "only when the party seeking the writ has a clear legal right to have an act performed, the officer against whom the writ is sought has a clear duty to act[,] and the act [is] ministerial and [does] not require the exercise of discretion") (internal quotation marks and alterations omitted). Thus, Petitioner's petition for writ of mandamus could not serve to properly and separately exhaust a claim of judicial bias.

As seen from the above description of Petitioner's state appellate proceedings, Petitioner did not fairly present Claims B(1) through B(8), B(12), D,

or E to the Idaho Supreme Court. Therefore, those claims are procedurally defaulted.[2]

However, that conclusion does not end the inquiry. A federal district court can hear the merits of a procedurally defaulted claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

### C.    *Petitioner Has Not Established Cause and Prejudice to Excuse the Default*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

---

[2] The Court reiterates that it has not yet decided the procedural default status of Claim A(2) or A(3).

Ineffective assistance of counsel ("IAC") may constitute cause for a default. For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for IAC—whether at trial or on direct appeal—to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of an underlying habeas claim, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show an excuse for that separate default, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

MEMORANDUM DECISION AND ORDER - 12

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Finley*, 481 U.S. at 554; *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, the general rule is that any errors of counsel during a post-conviction action cannot serve as cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. *Martinez* does not apply to any claims other than ineffective-assistance-of-trial-counsel ("IATC") claims. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017); *Hunton v. Sinclair*, 732 F.3d 1124, 1126–27 (9th Cir. 2013).

The *Martinez* cause-and-prejudice test consists of four necessary prongs: (1) the underlying IAC claim must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IAC claim could have been brought; and (4) state law requires that an IAC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S.

416, 423, 429 (2013). The failure to meet any of these four prongs means that the *Martinez* exception is unavailable to excuse the procedural default of a claim.[3]

Petitioner invokes *Martinez v. Ryan* to excuse the default of Claims B(1) through B(8) and B(12). He argues that his initial post-conviction counsel was "underwhelming" and that his post-conviction appellate counsel was bound by the errors of initial post-conviction counsel.

However, Petitioner's initial post-conviction counsel presented Claims B(1) through B(8) and B(12) to the state district court in post-conviction proceedings and, therefore, did not cause the procedural default. *See State's Lodging E-1* at 169–87. Rather, the default occurred when post-conviction *appellate* counsel failed to challenge the denial of those claims. The *Martinez* exception applies only to claims that were defaulted in the initial-review collateral proceeding—a petitioner may not use, as cause to excuse a default, any attorney error that occurred in other proceedings, including "appeals from initial-review collateral proceedings." *Martinez*, 566 U.S. at 16. Therefore, the *Martinez* exception does not apply to excuse the procedural default of these IATC claims.

---

[3] Although *Martinez v. Ryan* can excuse procedural default and permit a petitioner to *raise* an IATC claim in federal habeas, it does not permit factual development outside the state court record to *prove* that claim. Instead, claims that can be raised under *Martinez* remain subject to 28 U.S.C. § 2254(e)(2), which generally does not permit new evidence in federal habeas proceedings unless the petitioner shows actual innocence and the claim relies either on a new, retroactive rule of constitutional law or on a factual predicate that could not previously have been discovered. *Shinn v. Ramirez*, ___ U.S. ___, 2022 WL 1611786, *4 (U.S. May 23, 2022).

### D.     Petitioner Has Not Established Actual Innocence to Excuse the Default

If a petitioner cannot show cause and prejudice for his procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. at 496. This standard requires proof that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Id.* Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is a particularly exacting standard, one that will be satisfied "only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation

MEMORANDUM DECISION AND ORDER - 15

marks omitted). Indeed, cases where the actual innocence gateway standard has been satisfied have "typically involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013). Such evidence may include new DNA evidence, or "a detailed third-party confession," that "undermine[s] the validity of the prosecution's entire case." *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002); *see House*, 547 U.S. at 540–41. The actual innocence exception is not satisfied by evidence that is merely speculative, collateral, cumulative, or "insufficient to overcome otherwise convincing proof of guilt." *Larsen*, 742 F.3d at 1096.

A court determining whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). An actual innocence analysis "requires a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard"; in other words, the federal court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *House*, 547 U.S. at 538-39 (2006) (internal quotation marks omitted).

In evaluating the actual innocence exception, a court has the discretion to assess the reliability and probative force of the petitioner's proffer, including

making some credibility determinations, if necessary. *Schlup*, 513 U.S. at 331–332. Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (statute of limitations context) (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

Plaintiff states that he is innocent, but he has not submitted any new, reliable evidence supporting that assertion. Petitioner's own self-serving statements are not enough to meet the extraordinarily high threshold required to show actual innocence. Therefore, Petitioner is not excused from default.

## CONCLUSION

Claims B(1), B(2), B(3), B(4), B(5), B(6), B(7), B(8), B(12), D, and E are procedurally defaulted without excuse. Accordingly, the Court will grant Respondent's Motion for Partial Summary Dismissal.

## ORDER

**IT IS ORDERED:**

1.   Respondent's Motion for Partial Summary Dismissal (Dkt. 39) is GRANTED. Claims B(1) through B(8), B(12), D, and E are DISMISSED with prejudice.

MEMORANDUM DECISION AND ORDER - 17

2.      Respondent must file an answer to Petitioner's remaining claims

within 60 days of the date of this Order. Petitioner must file a reply

(formerly called a traverse), containing a brief rebutting Respondent's

answer and brief, which must be filed and served within 28 days after

service of the answer and brief. Respondent has the option of filing a

sur-reply within 14 days after service of the reply. At that point, the

case will be deemed ready for a final decision.


DATED: June 3, 2022

B. Lynn Winmill
U.S. District Court Judge


MEMORANDUM DECISION AND ORDER - 18